**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:55 AM March 12, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANIELLE N. AYERS, | ) | CASE NO. 13-62672 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Two motions are before the court: Debtor's motion to reopen her case and an application to waive the filing fee associated with the reopening. The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 7 case on October 29, 2013. Based on information presented at that time, the court waived the filing fee for the case under 28 U.S.C. § 1930(f)(1).

1

Debtor did not timely file proof of completion of the postpetition financial management course. Consequently, her case was closed without discharge on February 25, 2014.

On November 3, 2014, Debtor filed two motions: a motion to reopen and a motion to waive the filing fee. She also filed a certificate indicating she completed the financial management course on December 3, 2013. Debtor recently submitted orders on the motions for the court's review.

## DISCUSSION

### I.      Motion to Reopen

Motions to reopen are governed by 11 U.S.C. § 350(b), which authorizes reopening in order "to administer assets, to accord relief to the debtor, or for other cause." A decision to reopen is at the discretion of the court. Rosinski v. Boyd (In re Rosinski), 759 F.2d 539 (6th Cir. 1985). When determining whether to reopen, many courts "consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." In re Kapsin, 265 B.R. 778 (Bankr. N.D. Ohio 2001) (citing Mendelsohn v. Ozer, 241 B.R. 503, 506 (E.D.N.Y. 1997)).

Courts frequently find "cause" to reopen a case to permit a debtor to file a financial management course certificate in order to obtain a discharge. See 11 U.S.C. § 727(a)(11); In re Collum, 2012 WL 2921491 (Bankr. N.D. Ohio 2012); In re Storey, 2010 WL 2164428 (Bankr. D. Col. 2010); In re Knight, 349 B.R. 681 (Bankr. D. Idaho 2006). However, some courts have repudiated attempts to reopen a case to file the certificate, primarily on existence of opprobrius facts. See, e.g., In re Johnson, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (involving a four year delay in filing a motion to reopen); In re Villarroel, 2008 WL 2518713, at *1 (Bankr. E.D. Va. 2008) (requiring a reasonable explanation for the request) cf. In re Rising, 2015 WL 393416 (Bankr. M.D.N.C. 2015) (granting motion to reopen for cause after three year delay). The difference between the two lines of authority suggest that a case-by-case inquiry should be undertaken to determine whether reopening is warranted. For this purpose, the Johnson court employs a four-part consideration: (1) whether there is a reasonable explanation for the failure to comply, (2) whether the request was timely, (3) whether fault lies with counsel, and (4) whether creditors are prejudiced.

The court finds this test instructive when there is a qualifying circumstance requiring additional review. However, in most cases, when a motion is timely filed, the court finds that cause is implicit, thereby following the first line of authority. However, this case presents several attenuating facts which require further scrutiny.

First, the motion is not timely. Debtor's case was filed in late October 2013. The case was closed on February 25, 2014. More than eight months later, she filed the present motion to reopen and then took no action for an additional four months. There is a pattern of delay. However, it appears that Debtor timely took the course on December 5, 2013, per the certificate

filed on December 30, 2014, thus raising the question of whether Debtor or counsel is responsible for the delay.   Considering the length of time it took to present the order, the timely completion of the course, and the fact that another case is pending before the court with strikingly similar facts,[1] it appears the lack of diligence may rest with counsel.   For these reasons, the court will grant Debtor's motion to reopen the case but will require additional explanation from counsel.

## II.     Application to Defer the Filing Fee

Debtor also filed a motion to waive the reopening filing fee.   The motion states that the reopening is necessary to accord relief to the debtor, who has no income, and payment of the $260 filing fee would be an "extreme hardship."   It also references the court's waiver of the initial case filing fee.

Waiver of the initial case filing fee is governed by 28 U.S.C. § 1930(f)(1).   That provision covers only fees "payable to the clerk upon the commencement of a case under chapter 7."   Since this fee is not associated with case commencement, that provision does not apply. Rather, the fee waiver is governed by 28 U.S.C. § 1930(f)(2), which states "[t]he district court or bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c)."   The court interprets "such debtors" to refer to debtors described in § 1930(f)(1), specifically those are at or below 150% poverty income and who cannot afford an installment fee plan.   Like § 1930(f)(1), § 1930(f)(2) is not mandatory but at the discretion of the court.

The court's fee waiver was explicitly limited to the initial case filing fee.   On these facts, the *Guide to Judiciary Policy* advises "[i]f a debtor moves to extend a fee waiver to other fees under 28 U.S.C. §§ 1930(b) and (c), the debtor must show that he or she still meets the standard of eligibility . . . ." *Guide to Judiciary Policy*, Vol. 4, Ch. 8, § 820.40(b).   In this case, the court's decision to waive the fee was based on information available in October 2013.   Debtor's situation may have changed significantly in the interim period.   Consequently, it is incumbent on Debtor to demonstrate she continues to meet the terms of § 1930(f)(1), which she has not done.   The self-serving statements in an unsworn motion cannot provide the necessary foundation for fee waiver.   The application will therefore be denied.

A separate order will be issued immediately.

#          #          #

---

1 In re Shear, Case No. 13-62566, filed October 18, 2013 and closed without discharge on August 6, 2014.   Motion to reopen filed on December 30, 2014 and inactive until the court entered a Notice of Intent to Deny the motion on March 6, 2015.   Certificates of completion indicate Debtors timely completed the financial management course on February 10, 2014.

3

**Service List:**

Danielle N Ayers
229 Slingluff Ave
Dover, OH 44622

Reid J. Haddick
Southeastern Ohio Legal Services
123 S. Broad Street
Suite 234
Lancaster, OH 43130

4